IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DAVID HALL CRUM,

           Petitioner,

v.                                      CIVIL ACTION NO. 5:04-cv-983
                                      (consolidated with NO. 5:04-cv-1299)

JOHN ASHCROFT, et al.,

           Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the petitioner's motion for a preliminary injunction [Docket 9]. The matter was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, to issue proposed findings and recommendations. The Magistrate Judge issued proposed findings [Docket 22] and recommended this court deny the motion. The petitioner filed objections to the Magistrate Judge's recommendation on January 25, 2006 [Docket 26].

The petitioner claims a preliminary injunction is warranted pursuant to 18 U.S.C. § 3626. He contends that prison officials at F.C.I. Beckley are opening his mail, particularly documents sent by courts, outside of his presence. The Bureau of Prisons classifies mail either as general correspondence or special mail. Special mail must be opened in the presence of the inmate. 28 C.F.R. § 540.18(a). To qualify as special mail, the sender must be identified on the outside of the envelope and the front of the envelope must be marked as "Special Mail." *Id*. If either of these two requirements are not met, prison officials may treat the mail as general correspondence. *Id*. § 540.18(b). The Fourth Circuit Court of Appeals found these regulations create a reasonable

restriction upon inmates' constitutional rights in view of the penological interests at stake. *United States v. Stotts*, 925 F.2d 83, 89–90 (4th Cir. 1991).

In his proposed findings and recommendations, the Magistrate Judge stated that the petitioner has been unable to prove the respondents "have deviated in any way from their stated practice in processing his mail" from courts. (Prop. Find. & Rec. 8.) The court **ADOPTS** the findings of the Magistrate Judge that the petitioner has been unable to make out a claim warranting the issuance of a preliminary injunction. The court reaches this conclusion after carefully reviewing the petitioner's objections [Docket 26] and his supporting memorandum [Docket 27].

Accordingly, the court **DENIES** the petitioner's motion for a preliminary injunction.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    February 1, 2006

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE