IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DAVID HALL CRUM,

          Plaintiff,

v.                                  CIVIL ACTION NO. 5:04-cv-983
                                  (consolidated with 5:04-cv-1299)

ATTORNEY GENERAL OF THE
UNITED STATES, et al.,

          Defendants.

**MEMORANDUM OPINION**

By Standing Order entered on July 21, 2004, and filed in this case on September 10, 2004, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation ["PF&R"]. Magistrate Judge VanDervort filed his PF&R on February 15, 2006 [Docket 58]. In that filing, the magistrate judge recommended that this Court: (1) grant Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, (2) deny Plaintiff's Cross-Motion for Summary Judgment [Dockets 38 & 40], deny Plaintiff's Motion to Amend to add additional defendants [Docket 55], and remove this case from the Court's docket.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and

recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, objections to Magistrate Judge VanDervort's PF&R were due by March 5, 2007, pursuant to 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b). Plaintiff timely filed objections on February 28, 2007.

## I. BACKGROUND

The full factual and procedural history of this action is set forth in the PF&R. In short, Plaintiff challenges the computation of his sentence pursuant to 28 U.S.C. § 2241. A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or law or treaties of the United States. 28 U.S.C. § 2241(c)(3). Such relief is obtainable, however, only after a prisoner exhausts administrative remedies. 42 U.S.C. § 1997e(a).

The Bureau of Prisons ("BOP") has established a system of administrative remedies through which federal inmates are given the opportunity to resolve grievances. 28 C.F.R. §§ 542.10 *et seq.* Such procedures include a request for informal resolution, formal request for remedy, appeal to the BOP Regional Director, and appeal to the BOP Central Office. 28 C.F.R. §§ 542.13, 542.14 & 542.15. After reviewing the record, Magistrate Judge VanDervort concluded that Plaintiff did not exhaust his administrative remedies prior to filing the instant action, as required by 42 U.S.C. § 1997e(a).

## II. OBJECTIONS TO PF&R

In his objections, Plaintiff does not dispute the Magistrate Judge's conclusion that he failed to exhaust his administrative remedies. Rather, Plaintiff states that "Exhaustion may not always be required in certain situations where solid Constitutional issues are directly involved, [*sic.*] as long

as some of the requirements were met[.] For this proposition, Plaintiff cites the name of a purported U.S. Supreme Court case without a citation, and which the Court has been unable to locate through its research. Further, the Court has found no other legal authority for any such qualification to the exhaustion requirement pertinent to Plaintiff's case. As Plaintiff has offered no legal support for this objection, it is **OVERRULED**.

### III. CONCLUSION

Based on the above, the Court adopts the findings and recommendations contained in the PF&R, **GRANTS** Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment [Docket 33], **DENIES** Plaintiff's Cross-Motion for Summary Judgment [Dockets 38 & 40], **DENIES** Plaintiff's Motion to Amend to add additional defendants [Docket 55], and **DIRECTS** the Clerk to remove this action for the Court's active docket. A Judgment Order will be entered this day implementing the rulings contained herein.

ENTER: March 13, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE